Filed 10/6/22  In re K.R. CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| In re K.R. et al., Persons Coming Under the Juvenile Court Law. | B313854, B317480 (Los Angeles County Super. Ct. No. 20CCJP05555) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,  Plaintiff and Respondent,  v.  I.R.,  Defendant and Appellant. | |

APPEALS from orders of the Superior Court of Los Angeles County, Tamara Hall, Judge.  Appeals dismissed.

Suzanne Davidson, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, Acting County Counsel, Kim Nemoy, Assistant County Counsel, Peter Ferrera, Deputy County Counsel, for Plaintiff and Respondent.

_____

In these consolidated appeals in this dependency case, (Welf. & Inst. Code, § 300 et seq.),[1] I.R. (Mother) appealed from the juvenile court's June 15, 2021 disposition orders and the December 14, 2021 orders the juvenile court made at the six-month review hearing. In her briefing, Mother does not raise any challenge to the disposition orders, including the jurisdiction findings and the removal of her three children from her custody. She challenges the orders at the six-month review hearing continuing her children's out-of-home placements, arguing there is no substantial evidence supporting the juvenile court's finding that returning the children to her custody would create a substantial risk of detriment to the children.

At the 12-month review hearing, while this appeal was pending, the juvenile court returned the children to Mother's custody, finding release of the children to Mother would not create a substantial risk of detriment to the children. Based on these circumstances occurring after the orders from which Mother appealed, respondent Los Angeles County Department of Children and Family Services (DCFS) argues Mother's challenge to the continued out-of-home placement orders at the six-month review hearing is moot and urges us to dismiss Mother's appeals.

_____

[1] Undesignated statutory references are to the Welfare and Institutions Code.

2

We agree with DCFS's argument and dismiss as moot Mother's appeal from the December 14, 2021 orders the juvenile court made at the six-month review hearing. The court returned the children to Mother's custody, and we cannot grant Mother any effective relief through her appeal. We dismiss as abandoned Mother's appeal from the June 15, 2021 disposition orders because she does not raise any challenge to these orders in her briefing.

## BACKGROUND[2]

### I. Disposition of First Amended Section 300 Petition Involving K.R.

On February 22, 2021, after Mother waived her rights and pleaded no contest to an interlineated first amended dependency petition, the juvenile court assumed jurisdiction over Mother's six-year-old son K.R., based on the following sustained allegations against Mother:[3]

"The child, K[.]R[.]'s mother I[.]R[.] and the mother's male companion D[.]B[.] have a history of engaging in violent physical altercations in the child's presence. On prior occasions, the mother's male companion struck the mother in the child's presence. On prior occasions, the mother's male companion broke

---

[2] We provide herein an abbreviated statement of the case because we are not reviewing the merits of the challenged orders for substantial evidence. Rather, we are reviewing Mother's challenge to the orders from the six-month review hearing for mootness.

[3] K.R.'s father, who was incarcerated during these dependency proceedings, is not a party to this appeal, and the juvenile court did not sustain any allegations against him.

items in the home.  On a prior occasion, the mother's male companion struck the mother and choked the mother.  The mother failed to protect the child as the mother allowed the mother's male companion to reside in the home and have unlimited access to the child.  Such violent conduct on the part of the mother's male companion toward the mother and the mother's failure to protect the child endangers the child's physical health and safety and places the child at risk of serious physical harm, damage, danger and failure to protect."  (Count a-1.)

"The child, K[.]R[.]'s mother I[.]R[.] placed the child in a detrimental and endangering situation and failed to protect the child in that the mother allowed the mother's male companion D[.]B[.] to reside in the child's home and have unlimited access to the child when the mother reasonably should have known of the inappropriate physical discipline [of] the child by the mother's male companion.  On a prior occasion, the mother's male companion struck the child with a belt and the male companion's hand.  On a prior occasion, the male companion pulled the child and pushed the child into the child's room and locked the door.  Such physical abuse was excessive and caused the child unreasonable pain and suffering.  The detrimental and dangerous situation and the mother's failure to protect the child endangers the child's physical health and safety, and places the child at risk of serious physical harm, damage, danger and failure to protect."  (Count b-2.)

"The child, K[.]R[.]'s mother I[.]R[.] placed the child in a detrimental and endangering situation and failed to protect the child in that the mother allowed the mother's male companion, D[.]B[.] to reside in the child's home and have unlimited access to

4

the child when the mother knew that the mother's male companion suffers from mental and emotional problems and has failed to take the male companion's medication as prescribed. The detrimental and dangerous situation established for the child by the mother and the mother's failure to protect the child endangers the child's physical health and safety, and places the child at risk of serious physical harm, damage, and failure to protect." (Count b-3.)

Prior to the adjudication hearing, in November 2020, the juvenile court issued a three-year restraining order protecting Mother and her son, K.R., from D.B. Mother was pregnant with D.B.'s children (twins) at the time the court issued the restraining order.

At the disposition hearing on April 20, 2021, the juvenile court declared K.R. a dependent of the court and allowed K.R. to remain in Mother's home, where he had been since the outset of the dependency proceedings. The court ordered family maintenance services for Mother and K.R.[4]

## II. Disposition of Supplemental Section 387 Petition Involving K.R. and Section 300 Petition Involving the Twins

In April 2021, Mother gave birth to her and D.B.'s twins.[5] While Mother was at the hospital and K.R. was staying with a family friend, Mother had extended contact with D.B. at the hospital over a period of a couple weeks, in violation of the

_____

[4] Mother did not appeal from this April 20, 2021 disposition order.

[5] We refer to these children as "the twins" to avoid confusion because they both have the initials H.B.

5

restraining order.  DCFS detained the children from Mother, placing K.R. with nonrelative extended family members, and placing the twins with their paternal grandmother.  On May 19, 2021, DCFS filed a section 387 supplemental petition as to K.R. and a section 300 petition as to the twins.  On May 24, 2021, the juvenile court ordered the three children detained from Mother.

On June 15, 2021, the juvenile court sustained the section 387 supplemental petition involving K.R., which alleged K.R. was at risk of harm due to Mother's failure to comply with the restraining order protecting her and K.R. from D.B.  Mother waived her rights and pleaded no contest to certain allegations in the section 300 petition involving the twins, which alleged the twins were at risk of harm due to Mother and D.B.'s history of domestic violence (counts b-1 & j-1), Mother's failure to protect K.R. from D.B.'s physical abuse (count j-2), and Mother's failure to protect K.R. in light of D.B.'s mental and emotional problems (count j-3).  At the disposition hearing the same day, the court removed the three children from Mother's custody and ordered reunification services and monitored visitation for Mother.[6]

Mother appealed from the June 15, 2021 disposition orders. As set forth above, however, Mother does not raise any challenge to these orders in her appellate briefing.

---

[6] The juvenile court sustained an additional allegation in the section 300 petition against D.B. regarding his mental and emotional problems, removed the twins from D.B.'s custody, and ordered reunification services and monitored visitation for D.B. D.B. is not a party to this appeal.

6

## III.   Six-Month Review Hearing

On September 15, 2021, at a nonappearance hearing, the juvenile court granted Mother unmonitored visitation with her three children, to occur in a neutral setting.  On November 17, 2021, DCFS liberalized Mother's unmonitored visits to allow the visits to occur at Mother's residence.  Mother was in compliance with her case plan.

At the six-month review hearing held on December 14, 2021, Mother requested the juvenile court return her three children to her custody because she was in compliance with her case plan and her unmonitored visits were going well.  Mother argued there was no risk to the children, as she had not had contact with D.B. in eight months.  The children's counsel joined in Mother's request, and DCFS objected to Mother's request.  Citing Mother's past violation of the restraining order, DCFS recommended the court continue Mother's unmonitored visits until the next review hearing to see if Mother "is practicing what she has learned from her services."

The juvenile court found by clear and convincing evidence that return of the children to Mother's custody would create a substantial risk of detriment to the children, and the current placements were necessary and appropriate.  The court cited Mother's past violation of the restraining order and noted Mother's visits had only recently (about one month before) been liberalized to allow visits at her residence, and she had not yet had overnight visits.  The court found Mother's compliance with her case plan was substantial and granted her an overnight visit with the children from Christmas Eve to Christmas Day, with DCFS to make an unannounced visit to Mother's residence

7

during that time to ensure D.B. was not present.  The court gave DCFS discretion to further liberalize Mother's visits.

Mother appealed from the December 14, 2021 orders the juvenile court made at the six-month review hearing.  In her appellate briefing, she contends there is no substantial evidence supporting the juvenile court's finding that return of the children to her custody at the six-month review hearing posed a risk of detriment to the children.

## IV.  Judicial Notice of Minute Orders from 12-Month Review Hearing

On June 14, 2022, while this appeal was pending, the juvenile court held the 12-month review hearing and ordered the children returned to Mother's custody.  The court found release of the children to Mother would not create a substantial risk of detriment to the children.  On July 7, 2022, we granted Mother's unopposed request for judicial notice of the juvenile court's June 14, 2022 minute orders from the 12-month review hearing.

## DISCUSSION

"A question becomes moot when, pending an appeal from a judgment of a trial court, events transpire which prevent the appellate court from granting any effectual relief." (*Lester v. Lennane* (2000) 84 Cal.App.4th 536, 566.)  " 'A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed.' " (*In re Dani R.* (2001) 89 Cal.App.4th 402, 404.)  The "critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error." (*In re N.S.* (2016) 245 Cal.App.4th 53, 60.)

By reversing the orders Mother challenges, we could not grant her any effective relief.  She contends the juvenile court

8

erred in not returning the children to her custody at the six-month review hearing. But the juvenile court has since returned the children to her custody at the 12-month review hearing. She has already obtained the relief that could be achieved by reversal of the orders.

Relying on *In re Yvonne W.* (2008) 165 Cal.App.4th 1394 (*Yvonne W.*), Mother asks us to exercise our discretion to consider the merits of her moot appeal. There, the appellate court explained that "a reviewing court may exercise its inherent discretion to resolve an issue rendered moot by subsequent events if the question to be decided is of continuing public importance and is a question capable of repetition, yet evading review. [Citations.] We decide on a case-by-case basis whether subsequent events in a juvenile dependency matter make a case moot and whether our decision would affect the outcome in a subsequent proceeding." (*Id.* at p. 1404.) We may exercise our discretion to hear an otherwise moot appeal where the asserted " 'error infects the outcome of subsequent proceedings,' " including "the possibility of prejudice in subsequent . . . proceedings." (*In re C.C.* (2009) 172 Cal.App.4th 1481, 1488-1489.)

Here, there is no question of continuing public importance that would warrant us reviewing the merits of this otherwise moot appeal, and Mother does not argue otherwise. (*Yvonne W.*, *supra*, 165 Cal.App.4th at p. 1404 ["the issues raised in this appeal are of continuing public importance because they challenge the court's finding that a parent's housing, previously deemed by Agency to be adequate, creates a substantial risk of

9

detriment to a minor when there are no other protective issues to warrant continued out-of-home placement"].)

Mother asserts: "The detriment finding made at the six-month review hearing continuing out-of-home placement for the children permanently stays on [M]other's child welfare record and could form the basis for the removal of the children from her custody again, which would be highly prejudicial to [M]other." As Mother points out, the appellate court in *Yvonne W.* cited a similar claim of prejudice as a reason to exercise its discretion to consider the merits of the appeal (*in addition to* its conclusion the issue was one of continuing public importance), stating: "Further, because the court continued its jurisdiction of Yvonne, the basis for the court's detriment finding at the 18-month hearing could continue to adversely affect Celeste [the mother] should Yvonne again be removed from Celeste's care." (*Yvonne W.*, *supra*, 165 Cal.App.4th at p. 1404.)

Here, we decline to exercise our discretion to consider the merits of this otherwise moot appeal based on Mother's speculative claim of prejudice, standing alone. The juvenile court returned the children to Mother's custody at the 12-month review hearing notwithstanding the detriment finding the court made at the six-month review hearing. For the court to remove the children from Mother's custody again, Mother would have to engage in conduct warranting such removal. (See *In re I.A.* (2011) 201 Cal.App.4th 1484, 1495 [subsequent dependency findings "would require evidence of present detriment, based on the then prevailing circumstances of parent and child"].) And, to the extent the juvenile court does consider its prior detriment finding at some point in the future (for some purpose unknown to us at present), the detriment finding is no more prejudicial to

10

Mother than the disposition orders removing the children from Mother's custody—orders Mother does not challenge on appeal. Thus, we dismiss as moot Mother's appeal from the juvenile court's December 14, 2021 orders.

Because Mother does not raise any challenge in her appellate briefing to her appeal from the June 15, 2021 disposition orders, we dismiss her appeal from those orders as abandoned.

## DISPOSITION

The appeal from the June 15, 2021 orders is dismissed as abandoned.  The appeal from the December 14, 2021 orders is dismissed as moot.

NOT TO BE PUBLISHED


CHANEY, J.

We concur:


ROTHSCHILD, P. J.


BENKE, J.*

---

* Retired Associate Justice of the Court of Appeal, Fourth Appellate District, Division One, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11